IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABBVIE INC. (a Delaware corporation); ALLERGAN, INC. (a Delaware corporation); DURATA THERAPEUTICS, INC. (a Delaware corporation); ABBVIE PRODUCTS LLC (a Georgia limited liability company); PHARMACYCLICS LLC (a Delaware limited liability company); ALLERGAN SALES, LLC (a Delaware limited liability company),<br><br>*Plaintiffs*,<br><br>v.<br><br>MIKE HILGERS, in his official capacity as ATTORNEY GENERAL OF THE STATE OF NEBRASKA,<br><br>*Defendant*. | No. 4:25-cv-3089-SMB-RCC |

**ABBVIE'S MOTION FOR A PRELIMINARY INJUNCTION, MOTION TO EXPEDITE, AND REQUEST FOR ORAL ARGUMENT**

All Plaintiffs (collectively, "AbbVie") respectfully move for a narrow preliminary injunction. Specifically, AbbVie requests that the Court enjoin the Nebraska Attorney General from enforcing L.B. 168's claims-data restriction against AbbVie with respect to data conditions made in the course of AbbVie's participation in the upcoming federal pilot Rebate Program. The Rebate Program explicitly contemplates AbbVie obtaining such data, so L.B. 168's enforcement would substantially interfere with AbbVie's participation in that federal Program. Because the Rebate Program commences on January 1, 2026, AbbVie respectfully seeks a ruling before that date.[1]

---

[1] In an effort to avoid unnecessary motion practice, AbbVie conferred with the Attorney General about this issue. AbbVie asked the Attorney General for a narrow non-enforcement agreement that would allow AbbVie to freely participate in the federal Rebate Program during the pendency of this litigation. The Attorney General refused.

As explained more fully in AbbVie's accompanying brief, preliminary injunctive relief is appropriate here because (1) AbbVie is likely to prove that the Rebate Program and federal law preempt L.B. 168, (2) AbbVie will suffer unrecoverable costs and other irreparable harm absent relief, and (3) the public interest favors the preservation of our constitutional structure.

Pursuant to NECivR 7.1(e), AbbVie also respectfully requests oral argument on this motion. Because this issue involves the intersection of multiple complex federal drug-pricing programs, AbbVie submits that oral argument would prove useful. AbbVie estimates that oral argument would take no longer than two hours.

**WHEREFORE,** AbbVie respectfully requests that the Court preliminarily enjoin the Nebraska Attorney General from enforcing L.B. 168's claims-data restriction against AbbVie with respect to data conditions made in the course of AbbVie's participation in the Rebate Program. Due to the commencement of the Rebate Program on January 1, 2026, AbbVie requests expedited review of this motion. AbbVie also respectfully requests oral argument on this motion.

Dated: November 11, 2025                   Respectfully submitted,

/s/ Matthew S. Owen
Matthew S. Owen, P.C.
K. Ross Powell
Meredith M. Pohl
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, DC 20004
Telephone: (202) 389-5000
Email: matt.owen@kirkland.com
         ross.powell@kirkland.com
         meredith.pohl@kirkland.com

Jason W. Grams (#24596)
GRAMS LAW, LLC
1318 N. 127th Ave., Omaha, NE 68154
Telephone: (402) 902-6400
Email: jason.grams@grams.law

*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing motion was filed electronically and has been served via the Court's ECF filing system on all registered counsel of record.

*/s/ Matthew S. Owen*
Counsel for Plaintiffs
